UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA MEREGILDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-01060-DAD-CKD<br><br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND DENYING<br>PETITIONER'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER AS<br>HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On March 23, 2026, petitioner Sergio Garcia Meregildo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States on or about November 1, 2000, he has a pending Petition for Alien Relative (Form I-130) and a pending application for Cancellation of Removal, and on or about January 22, 2026, petitioner was arrested by ICE agents without any warning, paperwork, or legitimate reason.  (*Id.* at 4–5.)  Petitioner seeks release and an award of attorney's fees.  (*Id.* at 8–9.)  Also on March 23, 2026, petitioner filed a motion for temporary restraining order and the court set a briefing scheduling on that motion, directing respondent to substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Quichimbo-Jimenez v. Warden,*

1

*California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) or *Cardenas v. Chestnut*, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026).  (Doc. Nos. 2, 3.)

Later that day, respondent filed an opposition to the pending motion for temporary restraining order.  (Doc. No. 5.)  Therein, respondent concedes that "there are no significant factual or legal issues here that materially distinguish it from" *Quichimbo-Jimenez* and *Cardenas*. (*Id.* at 1.)  Respondent is further amenable to the court ruling on the underlying petition based on the current briefing and waives any hearing.  (*Id.*)

Accordingly, pursuant to the reasoning as stated in *Quichimbo-Jimenez* and *Cardenas* which is adopted herein, the court will grant the pending petition for writ of habeas corpus in part.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c. Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting petitioner the requested federal habeas relief on the merits; and

/////

/////

2

2.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 26, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3